# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINETTE GORDON**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6570** |
| **EAST SKELLY, LLC, et al.**<br>    **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is Plaintiff Antoinette Gordon's ("Gordon") Motion to Remand.[1] Defendants East Skelly, LLC, Jones Lang LaSalle Americas, Inc., RLI Insurance Co., Otis Elevator Co., XYZ Insurance Co., and John Doe ("Defendants") have opposed Gordon's motion.[2] For the following reasons, Gordon's motion is **GRANTED.**

Gordon filed suit against Defendants in the Civil District Court for the Parish of Orleans, seeking to recover for injuries sustained when an elevator door closed on her.[3] Gordon alleges she "receive[d] severe and painful injuries to her mind and body for which she has been obliged to undergo medical treatment, suffering great pain and mental anguish, loss of proper sleep and rest, and also requiring medication," and she seeks recovery for "mental and physical pain and suffering, medical expenses, lost wages and loss of earning capacity, disability, loss of lifestyle and loss of enjoyment of life."[4]

Defendants removed the case to this Court based on diversity jurisdiction under 28

---

[1] R. Doc. 4.

[2] R. Doc. 7; R. Doc. 11.

[3] R. Doc. 1–1.

[4] R. Doc. 1–1 at 3.

1

U.S.C. § 1332.[5] Gordon moved to remand the case to state court, arguing the amount in controversy does not satisfy the jurisdictional requirement.[6] The Court ordered limited discovery regarding the nature and extent of the damages and the amount in controversy, in response to which Defendants and Gordon have filed supplemental memorandums.[7]

The Fifth Circuit has established a clear framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state court. Louisiana law does not allow a plaintiff to plead a specific amount of damages. *See* La. Code. Civ. P. art. 893. A plaintiff is required to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." *Id.* However, when the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of evidence that the amount in controversy exceeds $75,000. *Bryan v. Rosser*, 2014 WL 379147 at *2 (E.D. La. Feb. 3, 2014)(citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000)). The defendant may prove that amount by demonstrating it is "facially apparent" the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount. *See id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

The jurisdictional facts that support removal must be judged at the time of removal.

---

[5] R. Doc. 1.

[6] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a).

[7] R. Doc. 9; R. Doc. 11; R. Doc. 12.

*See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). A post-removal affidavit or stipulation may be considered in determining the amount in controversy at the time of removal only if the basis for jurisdiction is ambiguous. *See Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993). The defendant seeking removal must prove that the "actual amount in controversy exceeds" the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The defendant cannot rely solely on "conclusory allegations" and must "do more than point to a state law that *might* allow the plaintiff to recover more than what is pled." *Id.* (emphasis in original); *Allen*, 63 F.3d at 1335.

In this action, the amount in controversy at the time of removal was ambiguous. Gordon's state court petition does not generally allege that her claim exceeds or is less than the jurisdictional amount pursuant to La. Code Civ. P. art. 893. Her petition contains no details regarding the nature or extent of her physical and intangible injuries, only vaguely alleging "severe and painful injuries to her mind and body" and unidentified related medical treatment.[8] Thus, because the amount in controversy was ambiguous at the time of removal, the Court may consider Gordon and Defendants' post-removal memorandums in determining whether or not Defendants have demonstrated that the amount in controversy requirement is met.

Similarly, it is not facially apparent that the amount in controversy likely exceeds $75,000. To determine whether it is facially apparent the claim likely exceeds the jurisdictional minimum, the Court looks only to the "face of the complaint." *See Allen*, 63 F.3d at 1336. The relevant inquiries include the number and type of claimed injuries, their

---

[8] R. Doc. 1–1 at 3.

seriousness, and the specificity with which they are alleged. *See Gebbia*, 233 F.3d at 883; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Gordon's state court petition suffers from "little specificity," describing the incident and resulting injuries in only two sentences. *See Simon*, 193 F.3d at 851. Containing little detail and asserting only the sort of vague "conclusory allegations" disfavored by *Allen*, the petition provides no basis on which to assess the likely value of the alleged injuries. *See* 63 F.3d at 1335.

Defendants here have not met the alternative burden of "setting forth the *facts* in controversy" that demonstrate the requisite amount in controversy. *See id.* (emphasis in original). In fact, Defendants have shown Gordon's responses to various interrogatories tend to undermine the support for federal jurisdiction.[9] The extent of her injury is a "herniated nucleus pulposus," i.e. a herniated disc, and the only quantified damages are her medical expenses, which total $6,200.[10] Gordon admits that she has not lost wages because of the accident and that her doctor has not recommended surgery or restricted her ability to work.[11] As far as intangible damages, Gordon has back and neck pain, cannot concentrate or sit and stand for extended periods, cannot perform floor exercises in her favorite exercise class, and has had two nights of lost sleep.[12] Though these damages may be significant to Gordon, nothing indicates that their value exceeds the necessary $75,000.

Defendants point to several Louisiana state court judgments involving allegedly similar back injuries and exceeding $75,000.[13] However, Defendant's burden is to prove the

---

[9] R. Doc. 11–2; R. Doc. 11–3.

[10] R. Doc. 11–2 at 1–2.

[11] R. Doc. 11–2 at 2–3.

[12] R. Doc. 11–3 at 1–3.

[13] R. Doc. 11 at 4–6.

4

actual amount in controversy in this case, and it is not enough to "point to a state law that *might* allow the plaintiff to recover more than what is pled." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The value of a personal injury is heavily fact dependent, and the relevant circumstances may vary extensively among tort plaintiffs. The Louisiana cases cited by Defendants are indeed distinguishable from the instant case, involving more extensive medical treatment and related damages than Defendants have shown here. *See, e.g.*, *Caskey v. Merrick Construction Co.*, 86 So. 3d 186, 199 (La. Ct. App. 2012) (plaintiff's injuries required permanent pain prescriptions, and heart condition prevented undergoing needed surgery); *Davis v. Foremost Dairies*, 58 So. 3d 977 (La. Ct. App. 2011) (plaintiff endured years of extensive medical treatment, receiving $350,000 award for medical expenses).

Finally, Defendants contend that Gordon has engaged in "procedural gamesmanship" by refusing to stipulate whether she seeks damages of more or less than $75,000, and so should not be rewarded with remand to state court.[14] Although procedural gamesmanship is a "valid concern," Defendants have "ignore[d] the Circuit's response to this concern." *Trahan v. Drury Hotels, Co.*, 2011 WL 2470982 at *6 (E.D. La. June 20, 2011) (citing *De Aguilar*, 47 F.3d at 1411–12). If a defendant can show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional minimum, then the burden shifts to the plaintiff to demonstrate that it is "legally certain" she cannot recover more than the amount pled in her state petition. *See De Aguilar*, 47 F.3d at 1411–12. As Defendants have not met their initial burden of proving the jurisdictional amount by a preponderance, the burden has not shifted to Gordon to stipulate whether she will claim damages in excess of $75,000.

---

[14] R. Doc. 11 at 2–3.

In essence, it is not facially apparent from Gordon's petition that the amount in controversy exceeds $75,000, and Defendants have not set forth facts demonstrating the jurisdictional minimum. Considering the facts alleged in Gordon's petition and Defendants' post-removal memorandum, the Court finds that the amount in controversy requirement for diversity jurisdiction has not been met. The case must be remanded to state court for further proceedings.

Accordingly, **IT IS ORDERED** that Gordon's Motion to Remand be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**New Orleans, Louisiana, this 25th day of June, 2014.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**